UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HEATHER GOMEZ and ARAMIS GOMEZ**<br><br>PLAINTIFFS,<br><br>vs.<br><br>**U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT**, and<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES, d/b/a RUSHMORE**<br><br>DEFENDANTS, | DOCKET NO.<br><br>CIVIL ACTION COMPLAINT |

Plaintiffs sue Defendants and by way of a Complaint state (any reference to the Plaintiffs in the singular shall be deemed applicable to the Plaintiffs in the plural):

1. **Parties and Jurisdiction**
    A. Plaintiffs HEATHER GOMEZ and ARAMIS GOMEZ are of majority age residing at 646 Columbia Street, New Milford NJ 07646
    B. Defendant U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT (U.S. BANK NA) is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of New Jersey is unknown, but with its principle place of business located at 425 Walnut Street, Cincinnati Ohio
    C. Defendant RUSHMORE LOAN MANAGEMENT SERVICES, d/b/a RUSHMORE is and was, at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business located at 15480 Laguna Canyon Road, Suite 100, Irving California 92618

    D. At all times relevant and material hereto the Defendants did act on their own individual behalf and as agents, servants, workmen and/or employees of each other – or, alternatively as successor in interest of each other.

    E. At all times relevant and material hereto the Defendants were both the owners and/or servicers of the Note/Mortgage referenced here in, charged with the responsibility of servicing, managing, maintaining, processing loss mitigation applications and doing all acts necessary to handle the Note/Mortgage in accordance with applicable State and Federal regulations, acting at all times did act on its own individual behalf and as agents, servants, workmen and/or employees of the owner of the Note/Mortgage.

    F. Jurisdiction is based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 15 U.S.C 1692-1692p, the Fair Debt Collection Practices Act, 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343, and the FDCPRA, 15 U.S.C. § 1601, et. seq.

    G. Jurisdiction is also based on 28 U.S. Code § 1332(a). The amount in controversy is in excess of $75000.00;

2. **Background Material Facts**

    A. On or about August 16, 2019, a foreclosure action was commenced against the Plaintiffs under docket number F-014293-19, in the Superior Court of New Jersey Bergen County, Chancery Division.

    B. The Plaintiffs retained the services of the Keaveney Legal Group as counsel.

    C. In order to resolve said suit, the Plaintiffs advised the Defendants of their intentions to pursue Loss Mitigation by way of a Loan Modification Application.

    D. In response, the Defendants did offer to assist the Plaintiff in loss mitigation and to do so in a competent and professional manner, abiding by a laws, statues and regulations governing the handling and processing of a loss mitigation application.

    E. At all times relevant and material hereto the Plaintiffs did accept aforesaid offer and did pursue an application for loss mitigation relief.

F. On May 6, 2020 the Plaintiffs did submit to the Defendants an application for a Loan Modification.

G. In response to said Application on May 26, 2020 the Defendants did offer to the Plaintiffs a Trial Plan Modification Agreement (TPM) – a copy of which is attached hereto and marked as **Exhibit A.**

H. At all times relevant and material hereto the Plaintiffs did accept the TPM.

I. The TPM as attached hereto speaks for itself, but importantly stated:

> To accept this offer, your initial payment of **$26,990.11 must be in certified funds, made payable to Rushmore Loan Management Services LLC.** The funds must be received by Rushmore Loan Management Services LLC on or before 06/09/2020. To qualify for a permanent modification, you must make the following <u>trial period payments in a timely manner:</u>
>
> 1st payment: $3,679.91 by 07/01/2020
> 2nd payment: $3,679.91 by 08/01/2020
> 3rd payment: $3,679.91 by 09/01/2020
> 4th payment: $3,679.91 by 10/01/2020
> 5th payment: $3,679.91 by 11/01/2020
> 6th payment: $3,679.91 by 12/01/2020

J. The TPM further stated:

> After all trial period payments are timely made and you have submitted all the required documents, your mortgage will be permanently modified. (Your existing loan and loan requirements remain in effect and unchanged during the trial period.) **If each payment is not received in the last day of the month in which it is due, this offer will end and your loan may not be modified. I further understand that I must continue making payments in accordance with the terms of the Trial Period Plan Agreement until the permanent modification has been ratified by all parties.**

K. The Plaintiffs duly accepted this TPM and in accordance with the terms did tender the sum of $26,990.11 in certified funds.

L. Plaintiffs did proceed to tender the required payment for July 1, 2020, sending a regular check by USPS Priority Mail. This payment by regular check was received, accepted and deposited by the Defendants. Copies of the USPS tracking receipt and the bank statement of the Plaintiff showing clearance of funds for this payment are attached hereto and collectively marked as **Exhibit B.**

M. Plaintiffs then proceeded to tender the required payment for August 1, 2020, also sending the same as a regular check. A copy of said payment is attached hereto and marked as **Exhibit C.**

N. However, without cause or justification the Defendants did proceed to return the August 1, 2020 payment – proof of the returned payment is attached hereto and marked as **Exhibit D.**

O. Plaintiffs inquired as to the reason for the return and were advised via letter dated August 14, 2020 from Rushmore that the August 1, 2020 payment was not tendered in certified funds. Plaintiffs were now being accused of being in default of the TPM. A copy of said letter is attached hereto and marked as **Exhibit E.**

P. Plaintiffs disputed Defendants actions, pointing out that the TPM terms did not require payment in "certified funds" with the exception of the first initial payment of $26,990.11. Defendants were invited to show where in the terms of the TPM subsequent payments from 07/01/2020 through 12/01/2020 had to be tendered in certified funds. Defendants could not do so, however maintained their position that the Plaintiffs were now in default of the TPM.

Q. Plaintiffs proceeded to advise the Defendants that the required payment for July 1, 2020, was not made in certified funds but as a regular check which was accepted, deposited and not returned. Defendants refused to change their position.

R. Without waiving their rights and position, on August 31, 2020, the Plaintiffs proceeded to wire the August 1, 2020 payment to the Defendants, using wiring instructions as provided by the Defendants. Proof of the wired funds is attached hereto and marked as **Exhibit F.**

S. The wired funds for the August 2020 payment were received by the Defendants on August 31, 2020, thereby complying with the terms of the TPM which required all payments to be "received in the last day of the month in which it is due". Said payments was retained and not returned. Notwithstanding, the Defendants maintained their position that the Plaintiffs were in default of the TPM.

T. Without waiving their rights and position, the Plaintiffs proceeded to tender the September 1, 2020 payment – a copy of which is attached hereto and marked as **Exhibit G.** Said payment was retained by the Defendants and not returned.

U. At all times relevant and material hereto the Defendants did engage in a pattern of mishandling the servicing of the Plaintiffs' loan modification and loss mitigation attempts, breaching their agreements with the Plaintiffs and did routinely disregard the Fair Debt Collection Practices Act and the Real Estate Settlement and Procedures Act, (RESPA) implementing regulations, codified at 12 C.F.R. SS 1024 and known as "Regulation X", and common law.

V. Specifically, but not by way of limitation:

   i. Defendants refused to honor its promises and commitments to professionally and competently service the loan of the Plaintiffs, which included rendering assistance in loss mitigation, by refusing, inter alia, to acknowledge that the Plaintiffs had honored all terms of the TMP and by refusing to discuss the issues in order to resolve the dispute – contrary to New Jersey contract law and in violation of 12 C.F. R. SS 1024 et seq. including 12 CFR Sec. 1024.40, by failing to maintain continuity of contact.

   ii. Defendants violated their covenants of good faith and fair dealing by refusing to acknowledge that the TMP was in effect and in force, despite receiving, depositing and not returning four of the TMP payments.

   iii. Defendants pursued a course of conduct designed to interfere with the contractual and statutory rights of the Plaintiffs to permanently modify their loan so as to end foreclosure and save their home, while at the same time retaining all monies tendered by the Plaintiffs for that specific purpose.

W. At all times relevant and material hereto the Loan Modification as submitted by the Plaintiffs and the TMP received were, amongst other purposes, an attempt to cure the alleged default and end the foreclosure, all of which the Plaintiffs were entitled to pursue.

X. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with RESPA Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

Y. At all times relevant and material hereto the Defendants are subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

Z. The Plaintiff as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

AA. As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

   a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;
   b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
   c. Other losses as may be revealed during discovery or the trial of this case.

## COUNT ONE
### Common Law Negligence and/or Reckless Indifference and/or Intentional Misrepresentation

1. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.
2. Defendant, through its agents, servants and employees, negligently, carelessly, recklessly and/or intentionally fail to manage, service and/or maintain the Plaintiffs' account and /or otherwise engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

    a. Defendants, contrary to multiple representations to the contrary, did with manifest intent, reckless indifference and/or negligence fail and refuse to honor its promises and commitments to professionally and competently service the loan of the Plaintiffs, which included rendering assistance in loss mitigation, specifically by, inter alia, failing and refusing to acknowledge that the Plaintiffs had honored all terms of the TMP and by refusing to discuss the issues in order to resolve the dispute – contrary to New Jersey contract law and in violation of 12 C.F. R. SS 1024 et seq. including 12 CFR Sec. 1024.40, by failing to maintain continuity of contact.

    b. Defendants violated the TMP and their covenants of good faith and fair dealing by refusing to acknowledge that the TMP was in effect and in force, despite receiving, depositing and not returning four of the TMP payments.

    c. Defendants pursued a course of conduct designed to interfere with the contractual and statutory rights of the Plaintiffs to permanently modify their loan so as to end foreclosure and save their home, while at the same time retaining all monies tendered by the Plaintiffs for that specific purpose.

3. Alternatively, and or additionally, Defendants negligently, carelessly, recklessly and/or intentionally engaged in acts of omission, including but not limited to: failing to communicate, knowingly disregarding, concealing suppressing material account information and the status of a performing Trial Plan Modification Agreement.

4. At all times relevant and material hereto the Loan Modification as submitted by the Plaintiffs was, amongst other purposes, an attempt to cure the alleged default and end the foreclosure, all of which the Plaintiffs were entitled to pursue.

5. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs;

c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute and common law;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

## COUNT TWO

### Breach of Contract and Breach of Good Faith and Fair Dealing

6. The Plaintiffs incorporate herein by reference all preceding paragraphs as if fully set forth herein.
7. In New Jersey a breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages.
8. At all times relevant and material hereto Defendants had contracted, promised, agreed and represented that it would properly service the Plaintiff's account by honoring the Cease and Desist direct client communication demand and by handling and processing the Plaintiff's loss mitigation application diligently and in accordance with the law, and otherwise not take any action which would harm the Plaintiff and her rights, including but not limited to her right to attempt at loan modification so as to maintain the cure of her loan so as to avoid the consequences of default.
9. Defendants proceeded to breach and otherwise violate this agreement by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically

but not by way of limitation:

    a. Defendants, contrary to multiple representations to the contrary, did with manifest intent, reckless indifference and/or negligence fail and refuse to honor its promises and commitments to professionally and competently service the loan of the Plaintiffs, which included rendering assistance in loss mitigation, specifically by, inter alia, failing and refusing to acknowledge that the Plaintiffs had honored all terms of the TMP and by refusing to discuss the issues in order to resolve the dispute – contrary to New Jersey contract law and in violation of 12 C.F. R. SS 1024 et seq. including 12 CFR Sec. 1024.40, by failing to maintain continuity of contact.

    b. Defendants violated the TMP and their covenants of good faith and fair dealing by refusing to acknowledge that the TMP was in effect and in force, despite receiving, depositing and not returning four of the TMP payments.

    c. Defendants pursued a course of conduct designed to interfere with the contractual and statutory rights of the Plaintiffs to permanently modify their loan so as to end foreclosure and save their home, while at the same time retaining all monies tendered by the Plaintiffs for that specific purpose.

10. Additionally Defendants had a duty to act complicit in the loss mitigation process, which they have consistently failed to due by failing to maintain continuity of contact as required under 12 CFR Sec. 1024.40.
11. Said conduct as hereinbefore set forth also constituted a violation of Defendants' implied covenant of good faith and fair dealing with the Plaintiffs.
12. As a result of Defendants' material breach of the TMP the Plaintiffs have been deprived of her statutory and contractual right to cure.
13. As a direct and proximate result of the aforesaid, the Plaintiffs were wrongfully prevented from curing any delinquency alleged and Defendants have wrongfully threatened to pursue foreclosure including a Sheriff Sale, all of which have caused the Plaintiff severe financial, physical and emotion damage and loss.
14. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs;

    c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute and common law;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

## COUNT THREE

**Common Law Fraud and/or Violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.**

15. Plaintiffs hereby incorporate herein by reference all preceding paragraphs as if set forth at length.

16. At all times relevant and material hereto the Plaintiff was consumers of the Defendant's goods and services and as such the conduct of the Defendants and the transaction was governed by the **New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.**

17. At all times relevant and material hereto the Defendant did violate **the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.** by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

    a. Defendants, contrary to multiple representations to the contrary, did with manifest intent, reckless indifference and/or negligence fail and refuse to honor its promises and commitments to professionally and competently

     service the loan of the Plaintiffs, which included rendering assistance in loss mitigation, specifically by, inter alia, failing and refusing to acknowledge that the Plaintiffs had honored all terms of the TMP and by refusing to discuss the issues in order to resolve the dispute – contrary to New Jersey contract law and in violation of 12 C.F. R. SS 1024 et seq. including 12 CFR Sec. 1024.40, by failing to maintain continuity of contact.

  b. Defendants violated the TMP and their covenants of good faith and fair dealing by refusing to acknowledge that the TMP was in effect and in force, despite receiving, depositing and not returning four of the TMP payments.

  c. Defendants pursued a course of conduct designed to interfere with the contractual and statutory rights of the Plaintiffs to permanently modify their loan so as to end foreclosure and save their home, while at the same time retaining all monies tendered by the Plaintiffs for that specific purpose.

  d. Through the aforesaid conduct, attempted to harass, frustrate and/or otherwise seek to improperly delay the Plaintiffs' attempt at loss mitigation.

18. The actions of the Defendants were performed in direct contradiction to its promises to provide superior and legal loan servicing, but instead were performed for their own financial self-interests, in detriment to the rights and position of the Plaintiffs.

19. As a direct and proximate result of the aforesaid, the Plaintiffs were wrongfully prevented from curing any delinquency alleged and Defendants have wrongfully threatened to pursue foreclosure all of which has caused the Plaintiff severe financial, physical and emotional damage and loss.

20. As a further direct result of the conduct of the Defendant as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

  a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

  b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs;

      c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

      a. Punitive and/or treble damages;

      b. Damages as permitted by statute and common law;

      c. Counsel fees;

      d. All other relief this Court deems necessary and just.

## COUNT FOUR

**Violations of the Truth-in-Lending Act and Real Estate Settlement and Procedures Act**

21. Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

22. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

23. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

24. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

25. The Plaintiffs allege that the conduct of the Defendants indicate a pattern and practice of failures to comply with loss mitigation rules, specifically with respect to 12 CFR Sec. 1024 as set forth hereinbefore, incorporated herein by reference. Specifically but not by way of limitation the Defendants' violations and failures consisted of:

      a. Defendants, contrary to multiple representations to the contrary, did with manifest intent, reckless indifference and/or negligence fail and refuse to

    honor its promises and commitments to professionally and competently service the loan of the Plaintiffs, which included rendering assistance in loss mitigation, specifically by, inter alia, failing and refusing to acknowledge that the Plaintiffs had honored all terms of the TMP and by refusing to discuss the issues in order to resolve the dispute – contrary to New Jersey contract law and in violation of 12 C.F. R. SS 1024 et seq. including 12 CFR Sec. 1024.40, by failing to maintain continuity of contact.

    b. Defendants violated the TMP and their covenants of good faith and fair dealing by refusing to acknowledge that the TMP was in effect and in force, despite receiving, depositing and not returning four of the TMP payments.

    c. Defendants pursued a course of conduct designed to interfere with the contractual and statutory rights of the Plaintiffs to permanently modify their loan so as to end foreclosure and save their home, while at the same time retaining all monies tendered by the Plaintiffs for that specific purpose.

    d. Through the aforesaid conduct, attempted to harass, frustrate and/or otherwise seek to improperly delay the Plaintiffs' attempt at loss mitigation.

    e. Failed to maintain continuity of contact as required under 12 CFR Sec. 1024.40;

    f. Failing to respond to Loan Modification, previously acknowledged as being complete, ass required under 12 CFR Sec. 1024.41.

    g. Providing conflicting and contradictory answers to inquiries and status requests, while at the same time moving forward with litigation of the foreclosure action

26. As a direct and proximate result of the aforesaid, the Plaintiffs were wrongfully prevented from curing any delinquency alleged and Defendants have wrongfully threatened to pursue foreclosure including a Sheriff Sale, all of which has caused the Plaintiffs severe financial, physical and emotion damage and loss.

27. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs;

c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants for damages, interests and costs of suit including:

a. Punitive and/or treble damages;
b. Damages as permitted by statute and common law;
c. Counsel fees;
d. All other relief this Court deems necessary and just.

*/s/ Thomas Masciocchi*

_____

**KEAVENEY LEGAL GROUP, LLC**
Thomas Masciocchi, Esq.
New Jersey State Bar ID No.: 027941988
1000 Maplewood Drive, Suite 202,
Maple Shade, New Jersey 08052
Tel. (800) 219-0931
*Attorneys for Plaintiffs, HEATHER GOMEZ and ARAMIS GOMEZ*